IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CIRCA DIRECT LLC, ANDREW DAVIDSON,<br><br>　　　　　Defendants. | Civil No. 11-2172 RMB/AMD<br><br>**OPINION AND ORDER** |

　　　Plaintiff Federal Trade Commission (the "Plaintiff") and Defendants Circa Direct LLC and Andrew Davidson (the "Defendants") have requested that this Court approve a Stipulated Final Order for Permanent Injunction and Other Equitable Relief (the "Order") resolving the dispute between the parties.  That dispute revolves around allegations by Plaintiff that the Defendants engaged in deceptive acts or practices in the marketing of acai berry-based weight loss products.

　　　The Order provides for both a monetary judgment of $11,500,000, to be suspended subject to certain conditions, and a permanent injunction against the Defendants Circa Direct LLC and Andrew Davidson (the "Defendants"). (Order at 17.)  The Order further provides that its entry "is in the public

1

interest." (Order at 3.)  However, while Defendants were alleged to have violated the Federal Trade Commission Act by engaging in deceptive acts or practices, the Order contains no admission by the Defendants of any wrongdoing. Rather, Defendants accept the terms of the Order "without admitting the allegations [of wrongdoing] set forth in" the Complaint and "without any admission or finding of liability". (Order at 2-3.)  The Order also contains a "carve out" allowing for funds that would otherwise be subject to the monetary judgment to be used to pay the reasonable attorney's fees of the Defendants, subject to the approval of either the Federal Trade Commission or the Court. (Order at 17.)  According to a letter filed by Defendants on February 14, 2012 [Docket No. 35], the parties have been unable to reach an agreement on attorney's fees and that dispute will be the subject of motion practice, which this Court will have to resolve.

   Recently, the propriety of courts approving settlements of regulatory actions, similar to the Order at issue here, has been questioned.  In S.E.C. v. Citigroup Global Markets, Inc., the court rejected a similar settlement. Citigroup, No. 11 Civ. 7387, 2011 WL 5903733 (S.D.N.Y. Nov. 28, 2011).  It held that it could not approve the settlement of a Securities and Exchange Commission (the "S.E.C.") enforcement action where, like here, the settlement (the "S.E.C. Settlement") awarded monetary

damages and imposed injunctive relief, but permitted the defendant to settle without admitting to any of the allegations lodged against it. Id. at *4. The court reasoned that it was required, before approving the S.E.C. Settlement, to ensure that the S.E.C. Settlement was fair, adequate, reasonable, and in the public interest. Id. at *3. It also acknowledged the "substantial deference" afforded to the views of administrative bodies, like the S.E.C., in their areas of authority. Id. However, the court concluded, notwithstanding this deference, that without any admission by the defendant, it lacked the factual predicate necessary to find that the proposed settlement was fair, adequate, reasonable, and in the public interest. Id. at *4.

This Order, though arising out of an action by the Federal Trade Commission and not the S.E.C., presents similar concerns. Federal Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987)("When a public agency requests that a judicial stamp of approval be placed on a negotiated consent decree . . . [t]he court, rather than blindly following the agency's lead, must make its own inquiry into the issue of reasonableness before judgment.")(quotation omitted)(citing to S.E.C. v. Randolph, 736 F.2d 525, 529 (9th Cir. 1984)(holding that a consent decree should be approved unless it is "unfair, inadequate, or unreasonable" but noting that the decision to

3

approve or reject a settlement is committed to the sound discretion of the trial judge)); <u>Citigroup</u>, 2011 WL 5903733, at *2 (recognizing that the "court cannot grant the extraordinary remedy of injunctive relief without considering the public interest."); <u>Federal Trade Comm'n v. Onkyo U.S.A. Corp.</u>, No. 95-1378, 1995 WL 579811, at *1 (D.D.C. Aug. 21, 1995)(requiring the F.T.C. to submit a statement supporting the finding contained in a consent decree, submitted to the court for its approval, that entry of the proposed judgment is in the public interest).  In particular, the Order provides no factual predicate:

    (1)    to determine the appropriateness of the $11,500,000 monetary judgment considering that the Complaint does not specify the damages sought and there are no established facts as to the extent of the alleged wrongdoing at issue;

    (2)    to determine the appropriateness of the actual amount of damages that, because the judgment is suspended subject to certain conditions, will actually be recovered;

    (3)    to determine whether those monetary damages would be appropriate, in light of the attorney's fees carve out, which the Order does not resolve, and that could threaten to swallow the damages award; and

    (4)    that demonstrates why approval of the settlement would be in the public interest.

The Court therefore ORDERS the parties to address the following issues by written submission on or before March 14, 2012:

    (1)    whether the Order should be subject to the same standard of review before approval, as found in

4

>     <u>Citigroup</u>, that is, is the settlement fair, adequate, reasonable, and in the public interest;
>
> (2) if the standard articulated in <u>Citigroup</u> is not applicable here, what standard <u>applies</u>, and is it satisfied;
>
> (3) <u>assuming</u> that the Order is subject to the same <u>standard</u> as held in <u>Citigroup</u>, is the Order fair, adequate, reasonable, and in the public interest, in light of the concerns articulated by this Court and by the court in <u>Citigroup</u>; and
>
> (4) how this Court could approve an Order that binds it to award reasonable attorney's fees, which must be deducted from the total monetary judgment and that are uncapped, without knowing the extent of those fees before approval.

>                              s/Renée Marie Bumb
>                              RENÉE MARIE BUMB
>                              UNITED STATES DISTRICT JUDGE

Dated: <u>February 22, 2012</u>